UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **LUIS ALBERTO JASSO-BOTELLO,** | § | |
| *Petitioner,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. L-07-75 |
| | § | CRIMINAL CASE NO. L-06-00579-1 |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| *Respondent.* | § | |

### ORDER

Pending before the Court is Petitioner Luis Alberto Jasso Botello's ("Jasso") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 18 U.S.C. § 2255. [Dkt. No. 1].[1] Having duly considered the petition, supporting memorandum, and applicable law, Jasso's petition is DENIED.

**I.  BACKGROUND**

On April 11, 2006, a federal grand jury indicted Jasso of illegal re-entry after having been previously denied admission, excluded, deported, and removed, in violation of Title 8, United States Code, Section 1326, and Title 6, United States Code, Sections 202 and 557. [Crim. Dkt. No. 6]. Jasso entered a plea of guilty before United States Magistrate Judge Adriana Arce-Flores. [Minute entry of 05/11/06]. On October 5, 2006, Jasso was sentenced to 34 months in prison, to be followed by a 3-year term of supervised release. [Crim. Dkt. No. 24, at 2, 3; minute entry of 10/05/06]. Jasso filed the instant motion on June 18, 2007.

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in case number 5:07-cv-75. "Cr. Dkt. No." refers to the docket entries in criminal case number 5:06-cr-00579-1.

**II.     DISCUSSION**

Jasso challenges his sentence on two main grounds. First, he essentially argues that the penalties established in the United States Sentencing Guidelines, are harsh, unfair, and unjustified. [*See* Dkt. No. 2, at 3-6]. He also makes an equal protection argument by claiming that he is receiving disparate treatment in prison because of his status as a deportable alien. [*Id.* at 2].

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaugh*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Generally, § 2255 allows relief in four areas: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.

Jasso's first basis for challenging his sentence centers on the established framework of the United States Sentencing Guidelines. First, he alleges that his sentence is greater than necessary and fails to reflect the seriousness of the offense, does not promote respect for the law, and fails to provide just punishment. [Dkt. No. 1, at 3; Dkt. No. 2, at 3]. Second, he claims that the Sentencing Guidelines quantify offense severity "in a very unusual way" and fail to adequately justify the appropriateness of the established penalties. [Dkt. No. 2, at 3 (citing U.S. Sentencing Guidelines Manual app. C, amend. 375 (2003)]. Third, Jasso argues that 34 months in prison provide no more deterrence than a lesser sentence and thus a long term of imprisonment "would not advance the goals of the Sentencing Reform Act in any appreciable way." [*Id.* at 5].

This Court construes liberally the claims of pro se appellants, and takes all well-pleaded allegations as true. *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1999). Nevertheless, even with a liberal construction, § 2255 claims must fall within one of the four areas under which a court may provide relief. Jasso clearly believes that the length of his sentence is unwarranted. He first argues that his sentence is unjust and disproportionate to the seriousness of his offense. Then, he attacks both the manner in which the Sentencing Guidelines quantify offense severity and the alleged failure of the Sentencing Commission to provide adequate justification for the Guidelines themselves. Finally, he claims that he will be no more deterred than he would be by a lesser sentence. Even when construing these allegations in the most liberal way possible, this Court is hard pressed to find that Jasso's claims fall under § 2255—they do not raise constitutional issues, challenge the Court's jurisdiction, challenge the length of a sentence in excess of the statutory maximum, or make a claim that the sentence is subject to collateral attack. As such, this Court is unable to grant the relief he seeks.

Next, Jasso claims that because of his status as an illegal alien, he will be denied most of the program benefits available to federal prisoners, will not be eligible for early release, and will therefore be subject to more severe confinement conditions and a harsher sentence. [*Id.* at 6, 7]. This claim, in which he is essentially arguing denial of equal protection and due process, is constitutional, and may generally be considered under 28 U.S.C. § 2255. However, his argument—that a deportable alien serves his sentence under circumstances more severe than those facing citizens of the United States—actually concerns the execution of a sentence, and is therefore only proper under 28 U.S.C. § 2241. *Carvajal v. Tombone*, 31 Fed. App'x 155, at *1 (5th Cir. 2001) (unpublished opinion) (citing *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). To construe such a claim as a § 2255 motion is reversible error. *See Carvajal*, 31 Fed.

App'x 155, at *1. Motions under 28 U.S.C. § 2241 must normally be brought in the place of the Petitioner's confinement, which in this case is Milan, New Mexico.[2] Therefore, this Court appears to lack statutory jurisdiction to hear the claim.

The Court normally would transfer the case to the place of the Jasso's confinement. *See* 28 U.S.C. § 1631. When a court lacks jurisdiction, § 1631 states that the court "shall, if it is in the interest of justice, transfer such action" to the proper court. However, the Fifth Circuit has indicated that it defeats the interest of justice to transfer a meritless claim that will consume judicial time and energy. *Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989); *see also Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (holding that "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed") (citation omitted); *Wigglesworth v. I.N.S.*, 319 F.3d 951, 959 (7th Cir. 2003) (reasoning that a court has implicit authority under § 1631 to "take a peek" at the merits when deciding whether to transfer or dismiss). The Court will therefore "take a peek" at the merits to determine whether transfer would serve the interest of justice.

Jasso alleges that because he may not be eligible for certain Bureau of Prisons (BOP) programming, or serve a portion of his sentence in a halfway house, minimum security prison, or intensive confinement center, he is being treated differently from similarly situated United States citizens. *Cf. Samaad v. City of Dallas*, 940 F.2d 925, 941 (5th Cir. 1991). Because INS detainee status is not a suspect classification, Jasso must show that there is no rational basis for treating him differently from similarly situated United States citizens. *Carvajal*, 31 Fed. App'x 155, at *1 (citing *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998)).

---

[2] Milan is located in Cibola County, New Mexico, and jurisdiction would be proper in the United States District Court for the District of New Mexico.

Jasso's claims lack merit. He has not alleged that denying deportable aliens program benefits available to federal prisoners, or a chance to serve time in halfway houses, minimum security facilities, or intensive confinement centers, lacks a rational basis. *Cf. Rublee*, 160 F.3d 213, 214, 217 (5th Cir.1998) (holding that flight risk of deportable aliens is rational basis for ineligibility for community-based programs); *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir.1998) (applying "rational basis" review of equal protection claim to have right to early release). The BOP's exclusion of INS detainees such as Jasso from different programs, halfway houses, minimum security prisons, and intensive confinement centers is therefore constitutional. Moreover, there is no constitutional right to be released before the expiration of a valid sentence. *Wottlin*, 136 F.3d at 1037. Jasso's claim under 28 U.S.C. § 2241 lacks merit, and the Court will therefore dismiss, not transfer, this claim. *See* § 1631; *Chandler*, 210 F.3d at 1150.

### III.   CONCLUSION

For the aforementioned reasons, Jasso's motion pursuant to § 2255 is DISMISSED with prejudice on the merits. Further, should he seek a certificate of appealability, the same is DENIED.

IT IS SO ORDERED.

Signed this 26th day of November, 2007, in Laredo, Texas.

_____
Micaela Alvarez
United States District Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**